

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS RUGGIERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 2372 |
| v. ) | |
| ) | Judge Ruben Castillo |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Nicholas Ruggiero ("Plaintiff") filed this action seeking judicial review of a decision by the Internal Revenue Service ("IRS") Appeals Office upholding the imposition of a federal tax lien on his property. Before the Court is the government's motion to affirm the decision of the IRS Appeals Office and to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (R. 16, Def.'s Mot.) For the following reasons, the motion is granted.

## RELEVANT FACTS

Although the record before us is sparse and does not disclose any of the underlying facts surrounding Plaintiff's disputed tax liability, it appears that Plaintiff was at one time a business owner who, according to the IRS, failed to turn over taxes withheld from his employees' paychecks. The Internal Revenue Code ("IRC") requires employers to withhold from their employees' paychecks funds representing the employees' personal income and Social Security taxes. 26 U.S.C. § 3102(a); *United States v. Energy Res. Co., Inc.*, 495 U.S. 545, 547 (1990). Because employers must hold these funds in "trust" for the United States, 26 U.S.C. § 7501, the

1

taxes are commonly referred to as "trust fund" taxes. *Energy Res.*, 495 U.S. at 547. Should employers fail to turn over the trust fund taxes, the IRS may collect a Trust Fund Recovery Penalty, equal to the sum of the unpaid taxes, directly from the officers or other persons within the company who are responsible for collecting the taxes. 26 U.S.C. § 6672; *Energy Res.*, 495 U.S. at 547.

In August 1996, the IRS sent Plaintiff a notice of proposed assessment of a Trust Fund Recovery Penalty for the tax period ending March 31, 1996. (R. 17-2, Def.'s Mem. in Supp. of Mot. for Affirm., Ex. B, Notice of Determination dated Dec. 18, 2002, at 3.) Plaintiff alleges that he never received the notice. (R. 1, Compl. ¶¶ 4-6.)

On March 10, 1997, the IRS assessed a Trust Fund Recovery Penalty of approximately $75,000 against Plaintiff. (R. 17, Def.'s Mem. in Supp. of Mot. at 2.) In 2001, the IRS sent Plaintiff a Notice of Intent to Levy, notifying him that the IRS intended to begin steps to collect the unpaid penalty. (R. 17-2, Def.'s Mem. in Supp. of Mot., Ex. B, IRS Office of Appeals Decision). The notice also informed Plaintiff of his right to request a Collection Due Process Hearing ("CDP hearing") under 26 U.S.C. § 6330 to challenge the propriety of the IRS's collection activity. (*Id.*) Plaintiff timely requested a CDP hearing. (*Id.*, Ex. A, Request for a Collection Due Process Hearing). Because Plaintiff had recently suffered a stroke, he executed a Power of Attorney to permit his brother Angelo Ruggiero ("Ruggiero"), who is a licensed attorney, to appear on his behalf at the CDP hearing. (*Id.*, Ex. B at 6.)

A CDP hearing was conducted by telephone on June 11, 2002. (R. 17-2, Def.'s Mem. in Supp. of Mot., Ex. B.) During the hearing, Plaintiff (through Ruggiero) argued that he never received notice of the proposed assessment of the Trust Fund Recovery Penalty. He further

argued that he could not be held personally liable for the unpaid trust fund taxes because he was not responsible for the collection of the taxes pursuant to 26 U.S.C. § 6672. (*Id.*)

On December 18, 2002, the IRS Appeals Officer issued a Notice of Determination upholding the validity of the IRS's collection activity. (*Id.*) She acknowledged that IRS records indicated that the notice of proposed assessment may have been sent to 1435 Lathrop in River Forest, Illinois, instead of 1438 Lathrop, which was Plaintiff's address at the time of the hearing. (R. 17-2, Def.'s Mem. in Supp. of Mot., Ex. B at 5.) Nevertheless, she noted that evidence in the record belied Plaintiff's claim that he did not receive the notice: "[R]eview of the administrative file and statements made during the hearing indicate that [Ruggiero] was in contact with the revenue officer who proposed the assessment at the time the assessment was proposed." (*Id.* at 6.) However, because it was possible that Plaintiff did not receive the notice, the Appeals Officer proceeded to consider the validity of the underlying tax liability.[1] (*Id.*) She concluded that Plaintiff was appropriately held responsible for the unpaid trust fund taxes under § 6672 because he was president of and had sole check-signing authority for the corporation that had failed to turn over trust fund taxes. (*Id.*)

Therefore, the Appeals Officer found the Trust Fund Recovery Penalty valid and the IRS's activities to collect the penalty appropriate. (*Id.*) The Notice of Determination advised Plaintiff that he had a right to seek judicial review of the Appeals Officer's decision by filing a complaint within 30 days in the appropriate United States District Court. (*Id.* at 2.) Plaintiff did not seek judicial review of the Appeals Officer's decision.

---

[1] Under the IRC, taxpayers may challenge their underlying tax liability at a CDP hearing only if they "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such liability." 26 U.S.C. § 6330(c)(2)(B).

3

On October 14, 2004, the IRS sent Plaintiff a Notice of Federal Tax Lien.[2] (R. 17-2, Def.'s Mem. in Supp. of Mot., Ex. C, Notice of Federal Tax Lien.) The notice advised Plaintiff that he could request a CDP hearing to challenge the propriety of the lien. (*Id.*) Plaintiff timely requested a CDP hearing. (R. 17-2, Def.'s Mem. in Supp. of Mot., Ex. D, Request for A Collection Due Process Hearing.)

A CDP hearing was held by telephone on February 16, 2005. (R. 17-2, Def.'s Mem. in Supp. of Mot., Ex. E, Notice of Determination dated March 30, 2006 at 14.) Ruggiero again appeared on Plaintiff's behalf. (*Id.*) Plaintiff argued at the hearing that the levy was invalid because he did not receive notice of the proposed assessment back in 1996. (*Id.* at 15.)

On March 30, 2006, the Appeals Officer issued a Notice of Determination upholding the validity of the lien. She determined that she could not reconsider Plaintiff's argument regarding lack of notice because Plaintiff had already been given an opportunity to challenge the underlying tax liability during the 2002 CDP hearing based on the assumption that he did *not* receive proper notice of the proposed assessment. Therefore, he had already gotten all the process he was due.[3] (*Id.* at 15-16.) Further, because Plaintiff had already been given an opportunity to challenge the

---

[2] The IRC authorizes the Secretary of the Treasury to file a lien against "any person liable to pay any tax [who] neglects or refuses to pay the same after demand." 26 U.S.C. § 6321. The lien attaches "in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." *Id.*

[3] Although the Appeals Officer did not reach the issue of the lack of notice, she questioned the merit of Plaintiff's argument, noting that the August 1996 letter mailed to 1435 Lathrop had not been returned by the Postal Service as undeliverable. (R. 17-2, Def.'s Mem. in Supp. of Mot., Ex. E, Notice of Determination at 15.) Further, she noted that according to IRS records, another letter had been sent to Plaintiff in July 1996 at the correct address, notifying him that the IRS was planning to assess a trust fund penalty against him. (*Id.*) According to IRS records, this letter was not returned by the Postal Service either. (*Id.*)

4

underlying validity of the trust fund penalty at the 2002 hearing, he could not relitigate that issue at the 2005 hearing either. (*Id.*) Based on the evidence, the Appeals Officer found the lien valid. (*Id.*) The Notice of Determination advised Plaintiff that he had 30 days to seek judicial review of the Appeals Officer's decision. (*Id.* at 12-13.) On April 28, 2006, Plaintiff timely filed this complaint seeking review of the Appeals Officer's decision. (R. 1, Compl.)

In his complaint Plaintiff alleges that "a proposed assessment or assessments to a Trust penalty was never proved or served upon the alleged taxpayer in any manner, personally, by certified or registered mail or in person." (R. 1, Compl. ¶ 4.) Thus, in Plaintiff's view, the "levy cannot be valid." (*Id.* ¶ 8.) He further alleges that he "has raised a due process argument from the onset of this matter and the Internal Revenue Service has ignored it." (*Id.* ¶ 10.) He claims that the IRS has no jurisdiction over him because of the lack of notice, and requests that the tax lien be declared "null and void" and that "all over payments made by the taxpayer be returned to the taxpayer." (*Id.* ¶ 16.)

The government now moves for affirmance of the Appeals Officer's decision and dismissal of Plaintiff's complaint. (R. 16, 17.) First, the government argues that Plaintiff seeks certain relief in his complaint that this Court lacks jurisdiction to provide, specifically, his request for a refund and his request to effectively enjoin the IRS's efforts to collect the penalty. (R. 17, Def.'s Mem. in Supp. of Mot at 2, 7-9.) Second, the government argues that the Appeals Officer's decision upholding the validity of the lien was proper and should be affirmed. (*Id.* at 2, 5-7.)

## ANALYSIS

### I. Subject Matter Jurisdiction

The government moves to dismiss certain claims in the complaint for lack of subject matter jurisdiction. We must determine subject matter jurisdiction first before turning to the merits. *Smith v. Am. Gen. Life & Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003). In considering a motion to dismiss for lack of jurisdiction, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Nevertheless, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, but the defendant's contention is that jurisdiction is lacking, the Court may properly look beyond the complaint and view whatever evidence has been submitted to determine whether in fact jurisdiction exists. *Id.* The burden of proof is on the party asserting jurisdiction. *Id.* at 946.

First, the government argues that we lack jurisdiction over Plaintiff's request for a refund of overpayments allegedly owed to him.[4] Federal courts lack subject matter jurisdiction to determine whether a taxpayer is entitled to a refund from the IRS unless the taxpayer has first filed a claim for a refund or credit with the Secretary of the Treasury. 26 U.S.C. § 7422(a); *Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997) ("The Internal Revenue Code authorizes suits for refund of taxes paid to the federal government, but expressly and without exception conditions the right to sue on the taxpayer having first requested a refund from the

---

[4] Although it is not clear precisely what "overpayments" Plaintiff is referring to in his complaint, he has attached a document to his response to the government's motion indicating that the IRS applied a $225.13 overpayment from his 1996 personal income tax return toward payment of the trust fund penalty. (R. 26, Pl.'s Resp., Ex. II, Notice of Overpaid Tax Applied to Other Taxes.)

6

Secretary of the Treasury."). The government asserts that there is no record of Plaintiff having filed an administrative request for a refund, and Plaintiff has offered no evidence to rebut this assertion. Because Plaintiff has failed to demonstrate that he followed the administrative procedures for requesting a refund before seeking relief from this Court, we lack jurisdiction over his claim.

The government also argues that Plaintiff appears to be seeking injunctive relief that would prevent the IRS's tax collection efforts, and that we lack subject matter jurisdiction to grant such relief. "As a sovereign . . . the United States cannot be sued without its consent, and when consent is given, the terms of that consent delimit the scope of the court's jurisdiction." *Bartley*, 123 F.3d at 467 (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)). Although Plaintiff is correct that 28 U.S.C. § 1346 gives the federal courts general jurisdiction over tax matters, the IRC's Anti-Injunction provision, 26 U.S.C. § 7421, limits the scope of § 1346 by "withdraw[ing] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 5 (1962). A Trust Fund Recovery Penalty is considered a "tax." 26 U.S.C. § 6671(a); *see also Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d 390, 392 (7th Cir. 1987) (concluding that § 7421 barred the Court from enjoining collection of trust fund penalty). Therefore, we have no jurisdiction to grant Plaintiff relief that would effectively enjoin the IRS's efforts to collect the Trust Fund Recovery Penalty from him. We only have jurisdiction to conduct a review of the CDP hearing determination as permitted by § 6330, discussed in Section II below.

## II. Affirmance of the Administrative Determination

The government next argues that the Appeals Officer's decision upholding the validity of

the tax lien was proper and should be affirmed. Plaintiff argues that the lien is invalid because he did not receive proper notice of the IRS's decision to impose the trust fund penalty in 1996.[5] Tax deficiencies determined by the IRS are "presumed to be correct and the taxpayer bears the burden of proving otherwise." *Kikalos v. Comm'r of Int. Rev.*, 434 F.3d 977, 982 (7th Cir. 2006). Ordinarily, courts do not look beyond a tax assessment "to evaluate the procedure and evidence used in making the assessment." *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987). Instead, "[a]s long as the procedures used and the evidence relief upon by the government to determine the assessment had a rational foundation, the inquiry focuses on the merits of the tax liability, not on IRS procedures." *Id.*

The IRC grants taxpayers the right to a CDP hearing when they receive a notice of tax lien or a notice of levy. 26 U.S.C. § 6320(b), § 6330(b). Proceedings are informal and may be conducted via correspondence, over the telephone, or in person. 26 CFR § 301.6330-1(d), Q & A-D6; *Kindred v. Comm'r of Int. Rev.* 454 F.3d 688, 695 n.19 (7th Cir. 2006). No transcript, recording, or other direct documentation of the CDP hearing is required. 26 CFR § 301.6330-1(d), Q & A-D6; *see also Living Care Alt. of Utica v. United States*, 411 F.3d 621, 625 (6th Cir. 2005) (observing that review of a CDP hearing involves "a surprisingly scant

---

[5] Throughout his complaint Plaintiff refers to a "90 day notice" that the IRS allegedly failed to send. (R. 1, Compl. ¶¶ 7-9, 12.) As the government points out, the IRS's general 90-day deficiency notice, which permits the taxpayer to file a petition for redetermination with the Tax Court, does not apply to cases involving a Trust Fund Recovery Penalty. (R. 17, Def.'s Mem. in Supp. of Mot. at 3 n.3.) Instead the applicable notice is "Letter 1153," which notifies the taxpayer that the IRS is proposing to assess a Trust Fund Recovery Penalty and affords the taxpayer 60 days from the date of the letter to appeal to the IRS Office of Appeals. *See* Internal Revenue Manual § 5.7.4.7. There is no provision for petitioning the Tax Court for a redetermination in such cases because the Tax Court has no authority over trust fund taxes. *See Moore v. Comm'r of Int. Rev.*, 114 T.C. 171, 175-76 (T.C. 2000).

record, comprised almost exclusively of the parties' briefs and the Notice of Determination letter."). During the hearing, the Appeals Officer must (1) conduct verification that the IRS has met all legal requirements to move forward with the lien, (2) consider defenses and collection alternatives proposed by the taxpayer, and (3) make a determination that the proposed collection action balances the need for efficient collection of taxes with the legitimate concern of the taxpayer that all collection action be no more intrusive than is necessary. 26 U.S.C. § 6330(c)(3). A taxpayer may challenge his underlying tax liability at the CDP hearing only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). Taxpayers who cannot challenge the underlying validity of the tax may raise any other relevant issue relating to the unpaid tax, such as spousal defenses and alternative collection options, including installment agreements or offers in compromise. *See* 26 U.S.C. § 6330(c)(2)(A); *Kindred*, 454 F.3d at 695-96.

The applicable standard of review in a case involving a CDP hearing decision is dependent upon the nature of the issues presented. *Kindred*, 454 F.3d at 694. Where the underlying tax liability is properly at issue, the Court must review the IRS's determination *de novo*. *Id.* Where the validity of the underlying tax liability is not properly at issue, the Court reviews the IRS's decision for abuse of discretion. *Id.* Under either standard of review, the Court is limited to considering arguments that were properly raised by the taxpayer during the CDP hearing. *See* 26 CFR § 301.6330-1(f), Q & A-F3 ("the taxpayer can only ask the court to consider an issue, including a challenge to the underlying tax liability, that was properly raised in the taxpayer's CDP hearing"); *Kindred*, 454 F.3d at 699 (court could not consider arguments not

raised at CDP hearing). For the reasons explained below, we find that the validity of the underlying tax liability was not properly at issue in the 2005 CDP hearing, and therefore the abuse of discretion standard applies to our review of the Appeals Officer's decision. Further, we conclude that Plaintiff has failed to demonstrate that the Appeals Officer abused her discretion in upholding the validity of the tax lien.

Following the 2002 CDP hearing, the Appeals Officer determined that because it was not clear from the record whether Plaintiff had received the notice of proposed assessment back in 1996, Plaintiff must be permitted to challenge the validity of the underlying tax liability. *See* 26 U.S.C. § 6330(c)(2)(B). However, she rejected Plaintiff's argument that the lack of notice automatically rendered the trust fund penalty invalid. Similarly, the Appeals Officer at the 2002 CDP hearing rejected Plaintiff's argument regarding the validity of the underlying tax liability, concluding that Plaintiff is responsible for the unpaid trust fund taxes because he was president of and had sole check-signing authority for the corporation that failed to turn over the taxes. *See Thomas v. United States*, 41 F.3d 1109, 1114 (7th Cir. 1994) ("Indicia of a responsible person include possessing checkwriting authority . . . and holding a corporate office."). Plaintiff had a right to seek judicial review of the 2002 CDP hearing determination, but he did not do so. Having been given an opportunity to litigate these issues at the 2002 CDP hearing, Plaintiff was not permitted to relitigate these issues again at the 2005 CDP hearing. *See* 26 U.S.C. § 6330 (c)(4) (an issue may not be raised at a CDP hearing if it was "raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding."). Because these claims could not be raised at the 2005 CDP hearing, they are beyond the scope of this Court's review. 26 C.F.R. § 301.6330-1(f); *Kindred*, 454 F.3d at 699.

In sum, this Court can discern no basis for concluding that the Appeals Officer abused her discretion in upholding the validity of the lien. Accordingly, we affirm the Appeals Officer's decision.

## CONCLUSION

For the foregoing reasons, the government's motion to affirm and dismiss (R. 16) is granted. The Clerk of the Court is directed to enter judgment in favor of the government.

Entered: _____
**Judge Ruben Castillo**
**United States District Court**

**Dated: April 12, 2007**